UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN SANCHEZ ALANIS,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>COPENHAVEN, Warden,<br><br>　　　　　　Respondent. | Case No. 1:13-CV-1870-SMS<br><br>TRANSFER ORDER |

 Petitioner is a federal prisoner sentenced to a 108 month prison term for illegal reentry in violation of 8 U.S.C. §§ 1326(a) and (b)(2). On October 25, 2013, Petitioner filed the instant petition for writ of habeas corpus *in propria persona* pursuant to 28 U.S.C. § 2241. Doc. 1.

**FACTS**

 As of October 10, 2012, Petitioner was housed at the Federal Correctional Institution (FCI) at Yazoo City, Mississippi. On that date he appeared at a disciplinary hearing held before a Discipline Hearing Officer ("DHO"). Exhibits A, B, C, D; *see* 28 C.F.R. § 541.8 (hearing procedures). According to DHO reports prepared on November 30, 2012, Petitioner admitted to four charges regarding events occurring on June 30, 2012 (attempted assault), July 4, 2012 (two counts of assault), and August 20, 2012 (damaging a life safety device), all occurring at FCI Yazoo City. *Id*.

 Under BOP regulations, each of these offenses was considered a "high severity level offense." 28 C.F.R. § 541.3; *cf.* § 541.4(b)(2) (mandatory penalty for individuals sentenced under the Prison Litigation Reform Act (PLRA)); § 541.3 (maximum possible penalty); § 541.8 (g). For

1

each of these four charges, the DHO's chosen sanction included "Disallowance Good Conduct Time: 27 Days." Petitioner appealed the sentence administratively, arguing (then and now) that it is not lawful to deprive a prisoner of non-vested good credit time. *Cf. Brown v. McGrew*, 2013 WL 6512948 (C.D. Cal. Dec. 12, 2013) (discussing good time credit under PLRA); *Rosa v. Grondolsky*, 2013 WL 3491077 (D. Mass. July 9, 2013) (same).

Relevant regulations governing administrative appeals appear at 28 C.F.R. §§ 542.13-18; *see also Sejour v. Sanders*, 2012 WL 1247185 (C.D. Cal. Jan. 18, 2012) (discussing exhaustion requirement). Each report indicated that Respondent was "advised of his right to appeal this action within 20 calendar days under the Administrative Remedy Procedure," and adds that "a copy of this report has been given to the inmate." *Id.* The reports indicate that they were "Delivered to Inmate" on December 7, 2012. *Id.* From the attached exhibits, it appears that Plaintiff submitted a Regional Administrative Remedy Appeal on February 15, 2013. This was rejected by the Regional Director on March 7, 2013, though not as untimely, with guidance that further appeal could be obtained within 30 days from the Office of General Counsel, the highest level of administrative appeal. Petitioner did not file this appeal until May 23, 2013. Addressing his untimeliness, Petitioner stated that he did not receive the Regional Director's response until March 19, 2013; that on March 20, 2013 he was then transferred to the U.S. Penitentiary ("USP") in Atwater, California; and that he did not receive his legal papers until May 14, 2013. Doc. 1-1 at 30.

On June 5, 2013, these appeals were rejected. The reason given was, "Your appeal is untimely." Exhibit I (doc. 1-1 at 20). It also said, "Provide staff verification stating reason untimely filing was not your fault." Petitioner did not do so. *See* 28 C.F.R. § 542.17.

On or about October 3, 2013, Petitioner was transferred to the USP in Tucson, Arizona. Doc. 10. On October 25, 2013 he filed this petition in the District Court for the District of Columbia, naming as defendant the warden at USP Atwater. Addressing the untimeliness issue, he attached a property sheet which, he claims, shows that he did not receive his property until May 16, 2013. The property sheet bears a handwritten notation, "Issued [illegible] 5/16/13 /s/ Garza." It also apparently bears the signature of Petitioner indicating that his property was returned to him on

April 30, 2013. On October 25, 2013, the D.C. District Court ordered the case transferred to this District.

## DISCUSSION

*Jurisdiction Over the Person*

Title 28 U.S.C. § 2241(a) provides that writs of habeas corpus may be granted by the district courts "within their respective jurisdictions." A writ of habeas corpus operates not upon the prisoner, but upon the prisoner's custodian. *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 494–495, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973). A petitioner filing a petition for writ of habeas corpus under § 2241 must file the petition in the judicial district of the Petitioner's custodian. *Brown v. United States,* 610 F.2d 672, 677 (9th Cir.1990). The warden of the penitentiary where a prisoner is confined constitutes the custodian who must be named in the petition, and the petition must be filed in the district of confinement. *Id.; Rumsfeld v. Padilla,* 542 U.S. 426, 446–47, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004). A failure to name and serve the custodian deprives the Court of personal jurisdiction. *Johnson v. Reilly,* 349 F.3d 1149, 1153 (9th Cir.2003).

The D.C. District Court transferred Petitioner's case to this District on the grounds that he was incarcerated at USP Atwater. However, the petition indicates that when Petitioner filed the case, he was a prisoner at USP Tucson. This case is therefore transferred to the District of Arizona, at which point the warden of USP Tucson may be substituted as the proper defendant pursuant to FRCP 25(d).

## *ORDER*

Accordingly, the Clerk of the Court is HEREBY DIRECTED transfer this case to the United States District Court for the District of Arizona.

IT IS SO ORDERED.

Dated: **January 8, 2014**          /s/ **Sandra M. Snyder**
                                    UNITED STATES MAGISTRATE JUDGE

3